105 F.3d 666
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Violet M. SCHUTT, Plaintiff-Appellant,
v.
COUNTY OF NAPA, Defendant-Appellee.
 No. 95-16798.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 7, 1996.
Decided Dec. 30, 1996.
 
 Before: HUG, Chief Judge, REAVLEY* and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Violet Schutt ("Schutt") appeals from the district court's grant of summary judgment against her in her Title VII action against the County of Napa ("Napa"). In granting summary judgment, the district court ruled in Napa's favor on the following issues: (1) failure to exhaust administrative remedies; (2) breach of contract claim; (3) retaliation in violation of Title VII; (4) hostile work environment in violation of Title VII; and (5) discrimination based on disparate treatment in violation of Title VII. Based on the district court's reasoning, we affirm on the first four issues. We reverse as to the fifth, and remand.
 
 
 3
 On the claim of discrimination based on disparate treatment, the district court found that Schutt had established a prima facie case. Napa limits its argument on appeal to the issue of pretext, and for the purpose of this appeal does not challenge the finding of a prima facie case of discrimination. We agree with the district court that Napa proffered legitimate nondiscriminatory reasons for terminating Schutt because she had disobeyed a direct order from a supervisor and did not work the hours when she was needed. Schutt argued below and on appeal that Napa's articulated reasons were pretextual.
 
 
 4
 Viewing the evidence in the light most favorable to Schutt, we conclude that a rational trier of fact could find that Napa's stated reasons were pretextual. For example, the timing of Terri Rose's ("Rose") demand that Schutt take on extra duty as the Fire/Life/Safety officer is troubling. A week earlier the position had been termed voluntary, and had ostensibly been filled when another officer volunteered for it. Rose's explanation to Schutt that she "was only joking" when she assigned the position to the other officer after he had volunteered, is also troubling and could also be rejected by a finder of fact. Further, asking Schutt, still officially a half-time employee, to take on extra duty just 12 days before her probation ended (and a decision on her status would have to be made), when Rose knew Schutt was concerned about her son's health and was working a modified schedule, suggests an attempt to force Schutt out. In light of the previously established tension between Rose and Schutt, the favorable evaluation of Schutt by her former supervisor that was the only evaluation of his to be rejected, and Schutt's previously reported problems, a rational factfinder could find Napa's reasons unconvincing.
 
 
 5
 Here, the district court erred in analyzing the third part of the McDonnell Douglas test, where "[t]he burden on summary judgment of a plaintiff asserting disparate treatment under Title VII is ... to raise a genuine factual issue as to whether the articulated reason was pretextual." Washington v. Garrett, 10 F.3d 1421, 1433 (9th Cir.1993). Thus, "[b]ecause ... the factfinder in a Title VII case is entitled to infer discrimination from plaintiff's proof of a prima facie case and [a] showing of pretext without anything more, there will always be [the ultimate] question [of discrimination] for the factfinder once a plaintiff establishes a prima facie case and raises a genuine issue as to whether the employer's explanation for its action is true. Such a question cannot be resolved on summary judgment. " Id. (emphasis added).
 
 
 6
 The district court found that Schutt had failed to present evidence as to "why these legitimate reasons were pretextual and only served to mask underlying discriminatory intent." Dist.Ct.Op. at 19. However, the court first was required to decide the question of whether the reasons were pretextual. Instead, the court moved immediately to the question of whether Schutt came forward with specific evidence that Napa was motivated by racial animus and concluded that she did not.
 
 
 7
 This is more than a semantic nicety, because the question of motivation may only be decided by the factfinder after the question of pretext has been resolved. Garrett, 10 F.3d at 1433. In essence, the district court failed to decide the pretext issue, and then decided the discrimination question which it was not permitted to reach.
 
 
 8
 Because there is a genuine issue of material fact as to whether Napa's reasons for terminating Schutt were pretextual, we reverse and remand on that claim.
 
 
 9
 AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings. The parties will bear their own costs on appeal.
 
 
 
 *
 Honorable Thomas M. Reavley, Senior United States Circuit Judge of the Fifth Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3